IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SCOTT GREGORY LOGAN                                                                           PLAINTIFF

v.                              Civil No.    3:22-cv-03023-TLB-MEF
                                             3:22-cv-03045-TLB-MEF

SERGEANT MICHAEL SOLICE;
SERGEANT LEOPARD;
SERGEANT MONTROSS; and
LIEUTENANT CALLAS                                                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Court's Orders.

**I.      DISCUSSION**

Plaintiff filed his Complaint to initiate the lead case, 3:22-cv-03023, on May 16, 2022. (ECF No. 1). When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release.

On November 10, 2022, Case No. 3:22-cv-03045 was consolidated with this case. (ECF

1

No. 25). The claims in both cases concerned Plaintiff's confinement in the Carroll County Detention Center.

On November 21, 2022, an Initial Scheduling Order was entered. (ECF No. 26). On December 5, 2022, Plaintiff informed the Court he had been released from custody and provided his new address. (ECF No. 27). On April 6, 2023, Plaintiff provided another change of address. (ECF No. 32). On April 19, 2023, and June 12, 2023, Orders were entered extending the summary judgment filing deadline. (ECF Nos. 34 & 37).

On July 21, 2023, all Defendants timely filed their Motions for Summary Judgment. (ECF Nos. 38-40 & 41-43). Orders were entered directing Plaintiff to respond to the summary judgment motions by August 14, 2023. (ECF Nos. 44 & 45). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted and/or (b) the case would be subject to dismissal.

Plaintiff did not file a response to either Motion for Summary Judgment. On August 25, 2023, a Show Cause Order was entered. (ECF No. 46). Plaintiff was given until September 15, 2023, to show cause why he failed to obey the Orders of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order, the case **shall** be subject to dismissal.

Plaintiff thereafter filed a combined Summary Judgment Response. (ECF No. 47). A Report and Recommendation was entered on December 12, 2023. (ECF No. 51). In the Report and Recommendation, the Court concluded it was appropriate to read both the original Complaint and the Amended Complaints together. (ECF No. 51). Because Defendants Callas, Leopard,

Montross, and Solice (the "County Defendants") filed their Motion for Summary Judgment on the assumption that the Amended Complaint was the operative pleading, an Order was entered giving them an opportunity to file a motion for summary judgment on the claims asserted in the original Complaint but not in the Amended Complaint. (ECF No. 52). The County Defendants were given a summary judgment filing deadline of January 16, 2024. (ECF No. 52). The Report and Recommendation was adopted by United States District Judge Timothy L. Brooks by Order entered on January 3, 2024. (ECF No. 54). Defendant Newcomb was granted summary judgment. The County Defendants were granted summary judgment on Plaintiff's right to privacy claim.

The County Defendants filed their second Motion for Summary Judgment on January 16, 2024. (ECF No. 55-57). An Order was entered the following day giving Plaintiff explicit instructions on how to respond to the Summary Judgment Motion. (ECF No. 58). Plaintiff was directed to respond by February 7, 2024. (ECF No. 58).

Plaintiff filed a notice of change of address on January 23, 2024. (ECF No. 59). He also filed a Motion for Reconsideration (ECF No. 60) of Judge Brooks' Order (ECF No. 54) adopting the earlier Report and Recommendation. Judge Brooks denied the Motion for Reconsideration that same day. (ECF No. 61).

Plaintiff did not file a summary judgment response by February 7, 2024. As a matter of procedural fairness and to give Plaintiff yet another opportunity to comply with the Court's Order, a Show Cause Order was entered on February 12, 2024, giving Plaintiff until March 4, 2024, to show cause why he failed to respond to the County Defendants' Motion for Summary Judgment. (ECF No. 62). On February 20, 2024, Plaintiff filed a combined Motion for Appointment of

Counsel and Response to the Show Cause Order. (ECF NO. 63). On March 4, 2024, Plaintiff's Motion for Appointment of Counsel was denied. (ECF No. 64). Plaintiff contended that he did not understand the Court's Order (ECF No. 58) directing him to file a response to the Summary Judgment Motion. Plaintiff was advised as follows:

> The Court suggests Plaintiff read the Order while looking at the Summary Judgment Motion. If Plaintiff disputes any of the facts set forth in Defendants' statement of facts, he should follow the Court's instructions; he must indicate if he disputes the fact or facts set forth in each numbered paragraph; if he does dispute the fact, state how or why he disputes the fact. He should then sign his statement of facts under penalty of perjury.
>
> Plaintiff does not need to refer the Court to a single case but should tell the Court how or why the facts are different than Defendants maintain. Plaintiff should sign his statement or brief under penalty of perjury.
>
> The Clerk is directed to mail Plaintiff another copy of ECF No. 58.
>
> Plaintiff is directed to respond to Motion for Summary Judgment by March 25, 2024.
>
> Plaintiff is advised that failure to timely file his summary judgment response will result in the dismissal of this case with prejudice.

(ECF No. 64).

On March 7, 2024, mail was returned to the Court as undeliverable marked "return to sender; not deliverable as addressed; unable to forward." (ECF No. 65). Plaintiff had 30 days, or until April 8, 2024, to provide the Court with his new address. On March 21, mail was again returned to the Court as "undeliverable." (ECF No. 66).

To date, Plaintiff has not filed a response to the County Defendants' Motion for Summary Judgment. He has not submitted a change of address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).   The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.   Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."   *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.   Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803.   When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice.   *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).   In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.   [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.   However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.   *Id.*

Here, the County Defendants expended resources conducting discovery and preparing their Motion for Summary Judgment.   Although Plaintiff had previously responded to two Motions for Summary Judgment, he then claimed to not understand the Court Order directing him to respond

5

to the County Defendants' second Motion for Summary Judgment. Plaintiff knew when the response was due. He had previously advised the Court of his changes of address following his release from incarceration. In each Court Order directing a response to the various Summary Judgment Motions and in the Show Cause Orders, Plaintiff was advised that failure to respond would result in dismissal of his case. (ECF Nos. 44, 45, 46, 58, 62). Additionally, in the Order entered when the case was filed, Plaintiff was advised that failure to provide the Court with his new address would result in the dismissal of the case. (ECF No. 3).

Plaintiff has not responded to the County Defendants' second Motion for Summary Judgment. He has not communicated with the Court in any way since he filed his Motion for Appointment of Counsel on February 20, 2024. (ECF No. 63). The Court has no valid address for the Plaintiff.

## II.    CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

**Status of Referral:   The referral shall be terminated upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 9th day of April 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE